FILED
℃
3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

00 FEB 22 PM 12: 57

CLER... U.S. ...ISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      Case No. 8:97-cv-2580-T-24E

ANY AND ALL RADIO STATION
TRANSMISSION EQUIPMENT, RADIO
FREQUENCY POWER AMPLIFIERS,
RADIO FREQUENCY TEST EQUIPMENT,
AND ANY OTHER EQUIPMENT
ASSOCIATED WITH OR USED IN
CONNECTION WITH THE TRANSMISSIONS
BETWEEN 87.9 MHZ AND 107.9 MHZ,
LOCATED AT 6122 LIBERTY AVENUE,
TAMPA, FLORIDA, OR FOUND IN ANY
VEHICLES AT 6122 LIBERTY AVENUE,
TAMPA, FLORIDA, OR FOUND IN ANY
VEHICLES REGISTERED TO LESLIE D.
BREWER,

          Defendant.
_____/

### ORDER

This cause comes before the Court on plaintiff's Motion for Summary Judgment (Doc. No. 40). Claimant Leslie D. Brewer has filed a response in opposition (Doc. No. 48).

I.   Background

This action is a claim under 47 U.S.C. § 510 for the forfeiture of the defendant equipment in rem due to its use and possession in violation of 47 U.S.C. § 301. Leslie D. Brewer ("Brewer") and James M. Panhorst ("Panhorst") have filed the only claims to the defendant equipment. The plaintiff has moved for

49

summary judgment and contends that it is entitled to judgment as a matter of law. Claimant Panhorst has not filed a response to plaintiff's motion for summary judgment and challenges the plaintiff's claim solely for lack of probable cause. See Doc. No. 20. Claimant Brewer raises nineteen affirmative defenses to plaintiff's claim in his Second Amended Answer (Doc. No. 30). However, in his response to plaintiff's motion for summary judgment, Brewer only raises two issues. First, Brewer asserts that plaintiff's claims should be dismissed under the doctrine of primary jurisdiction. See Doc. No. 48 at 6. Next, Brewer contends that "the standard the government applies to justify its continued seizure and forfeiture . . . is overbroad." Id. at 14.

II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.. The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). When a moving party has discharged its burden, the non-moving party must then go

2

beyond the pleadings, and by its own affidavits, or by
depositions, answers to interrogatories, and admissions on file,
designate specific facts showing that there is a genuine issue
for trial. In determining whether the moving party has met its
burden of establishing that there is no genuine issue as to any
material fact and that it is entitled to judgment as a matter of
law, the Court must draw inferences from the evidence in the
light most favorable to the non-movant and resolve all reasonable
doubts in that party's favor.  Spence v. Zimmerman, 873 F.2d 256
(11th Cir. 1989); Samples on behalf of Samples v. City of
Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

        In a civil forfeiture action such as this one, the United
States bears the initial burden of establishing probable cause
for the institution of the action.  See United States v. Any And
All Radio Station Transmission Equipment (West Vernor Highway),
29 F. Supp. 2d 393, 397 (E.D. Mich. 1998).  Once the government
establishes probable cause, the burden shifts to the claimant to
establish a defense to the forfeiture by a preponderance of the
evidence.  See id.

III. Discussion

        In this case, the United States has directed the Court to a
wealth of record evidence that shows that probable cause existed
to believe that the defendant equipment constitutes radio
frequency devices, or components thereof, used and possessed with

3

willful and knowing intent to violate 47 U.S.C. § 301.[1]  See,
e.g., Doc. Nos. 15 and 16; Doc. No. 40, Exhibits A-G.  In fact,
in his response in opposition to plaintiff's motion for summary
judgment, Brewer does not appear to contest probable cause.  See
Doc. No. 48.  Thus, the burden now rests on the claimants to show
that a genuine issue of material disputed fact remains for trial.
See United States v. Any And All Radio Station Transmission
Equipment (West Vernor Highway), 29 F. Supp. 2d at 397.

As to claimant Brewer, none of the affirmative defenses
raised in his Second Amended Answer have merit, and Brewer
himself seems to acknowledge this fact by limiting his response
in opposition to plaintiff's motion for summary judgment to two
discrete issues.  See Doc. No. 40 at 9-17, Doc. No. 48.

(A). Primary Jurisdiction

First, Brewer contends that this case should be dismissed
under the doctrine of primary jurisdiction.  In support of that
argument, Brewer relies on United States v. Any And All Radio
Station Transmission Equipment (Bent Oak Highway), 19 F. Supp. 2d
738 (E.D. Mich. 1998).  In that case, the court held that a
forfeiture case similar to this one was subject to dismissal

---

[1]Since Claimant Panhorst has raised no defenses to this forfeiture
action, the Court must assume that he challenges the plaintiff solely on
the grounds of probable cause.  See Doc. No. 20.  Due to the fact that
plaintiff has established probable cause as a matter of law, plaintiff
is entitled to summary judgment against Panhorst.

under the doctrine of primary jurisdiction.[2]  However, in <u>United States v. Any And All Radio Station Transmission Equipment (West Vernor Highway)</u>, a judge from the same division as the judge who issued the <u>Bent Oak Highway</u> decision "respectfully disagree[d]" with the application of primary jurisdiction in a § 510 forfeiture action.  <u>See</u>  <u>West Vernor Highway</u>, 29 F. Supp. 2d at 400.  Speaking directly to the holding in the <u>Bent Oak Highway</u> decision, the court in <u>West Vernor Highway</u> stated that:

> The Court does not believe that it is an appropriate application of the doctrine of primary jurisdiction to require the government to first obtain agency review, culminating in the issuance of a "final order," before instituting [a] forfeiture action.  The Court finds nothing in its review of the Communications Act, or the forfeiture provisions, 47 U.S.C. §§ 504 and 510, which would predicate the institution of a forfeiture action in the district court on the government's obtaining of final review by the FCC, nor is there anything in the Communications Act that indicates that the FCC, rather than the district court, is the proper entity to determine whether a violation of § 301 has occurred.

<u>West Vernor Highway</u>, 29 F. Supp. 2d at 401.  Upon review, this Court agrees with the well-reasoned opinion in <u>West Vernor Highway</u> and holds that the doctrine of primary jurisdiction should not be applied in this case.  Jurisdiction over this action is properly vested with this Court, and Brewer's request that this case be dismissed is denied.  <u>See</u> 47 U.S.C. § 504.

---

[2]Generally stated, the doctrine of primary jurisdiction provides that cases which raise issues of fact not within the conventional experience of judges or that require the exercise of administrative discretion should be deferred to agencies created by Congress who regulate the subject matter at issue.

(B). <u>Standard of Seizure and Forfeiture</u>

Brewer's second argument against summary judgment is that "the standard the government applies to justify its continued seizure and forfeiture . . . is overbroad." <u>Id.</u> at 14. Specifically, Brewer argues that by seizing items that were merely "available for broadcast use," the plaintiff has exceeded the scope of section 510(a)[3]. The Court does not agree. Title 47 U.S.C. § 510(a) states that:

> Any electronic, electromagnetic, radio frequency, or similar device, or component thereof, used, sent, carried, manufactured, assembled, **possessed**, offered for sale, sold, or advertised with willful and knowing intent to violate section 301 or 302a of this title, or rules prescribed by the Commission under such sections, may be seized and forfeited to the United States.

(Emphasis added). As noted above, plaintiff has established clear probable cause to believe that Brewer possessed the defendant equipment with the willful and knowing intent to violate section 301, and the record is devoid of any evidence to contradict this fact. Therefore, no issue remains for a finder of fact to decide, and plaintiff is entitled to judgment as a matter of law.

Accordingly, it is ORDERED AND ADJUDGED that the plaintiff is to immediately return all items listed on Page 8, Footnote 1

---

[3]Although Brewer actually cites 47 U.S.C. § 310(a) is his brief, the Court construes this as a typographical error with the intended provision to be section 510(a).

6

of Doc. No. 40 to claimant Leslie D. Brewer.   Otherwise,

plaintiff's Motion for Summary Judgment (Doc. No. 40) is GRANTED.

The Clerk is directed to enter judgment in favor of the plaintiff

and to CLOSE this case.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of

February, 2000.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

7